IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT BEN RHOADES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-635-NJR |
| ) | |
| ) | |
| ANTHONY WILLS, R. SUTTERER, ) | |
| MR. SKIDMORE, ROB JEFFRIES, and ) | |
| DR. SIDDIQUI, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Rhoades alleges that the defendants were deliberately indifferent in treating his cataract in violation of the Eighth Amendment. Rhoades seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint, Rhoades makes the following allegations:  In 2015, Rhoades had a cataract from his right eye removed, but due to a "one good eye" policy at IDOC, the cataract in his left eye was not removed (Doc. 1, pp. 5-6). Since that time, Rhoades has had to wear a contact in his left eye, as well as a pair of glasses (*Id*. at p. 6). But on numerous occasions, he has run out of contact lenses for months, and on several occasions he did not have proper glasses to wear (*Id*.). Rhoades alleges that he needs two pairs of glasses, one to read and one to walk (*Id*.). He also sometimes lacks contact lens solution. He filed a number of grievances on his issues to no avail (*Id*.). He alleges that the named defendants are deliberately indifferent for not removing the cataract in his left eye (*Id*.).

## Discussion

Simply put, Rhoades fails to state a viable claim for deliberate indifference against any of the defendants. He simply lists the defendants and states they were deliberately indifferent by not removing the cataract from his eye (*Id*. at p. 6). Specifically, he states that he believes each defendant was "deliberately indifferent to a serious medical need and it constitutes cruel and unusual punishment." (*Id*. at pp. 6-7) (quotations omitted). But Rhoades fails to indicate *how* any of the defendants were personally involved in his care. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) (A claim pursuant to Section 1983 requires personal involvement in the alleged constitutional deprivation.).

A successful complaint generally alleges "the who, what, when, where, and how…." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Although Rhoades lists individuals as defendants, he fails to provide pertinent information about their

involvement in his care. For instance, he fails to indicate how each defendant was aware of his need for surgery, when he spoke or was seen by each defendant, and what actions they took which constituted deliberate indifference. He also fails to allege whether any of the defendants were made aware of his lack of contact lenses, glasses, or contact solution, and how they responded to those issues.

Further, as to Wexford, a corporation cannot be liable on the basis of *respondeat superior*, or supervisory, liability because it is not recognized under Section 1983. *Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014) (*citing Iskander v. Village of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982)). Wexford will only be liable for deliberate indifference if an unconstitutional policy or practice of the corporation caused the constitutional deprivation. Although he mentions a one-eye policy, he does not mention who created and/or implemented the one-eye policy or allege that Wexford was involved with the policy. Instead, he alleges that "IDOC" has a one-eye policy.

Finally, the Court notes that Rhoades only identifies Anthony Wills and Dr. Sutterer as defendants in the caption of his Complaint (Doc. 1, p. 1). He fails to include any of the other defendants in the caption of his Complaint. Rhoades must make plausible allegations against *individuals*, and these individuals must be listed in the case caption. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

Accordingly, Rhoades's Complaint fails to state a claim and is **DISMISSED without prejudice.**

**Pending Motions**

As to Rhoades's motion for counsel (Doc. 3), he states that he has written several law firms but they have not responded to his letters. He also states that his writing hand was injured in an accident making it difficult for him to write. Although he can write, he indicates he can only print—not type—and his writing is slow. But given the early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013) ("[U]ntil the defendants respond to the complaint, the plaintiff's need for assistance of counsel ... cannot be gauged.").[1] Further, counsel is not needed at this time because the Court finds that Rhoades is capable of drafting an Amended Complaint. Although his writing may be slow, his filings indicate that he is capable of writing legibly. Thus, his motion for counsel (Doc. 3) is **DENIED**. Rhoades may renew his request for counsel at a later date.

**Disposition**

For the reasons stated above, the Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

Rhoades is **GRANTED** leave to file a "First Amended Complaint" on or before **June 13, 2022**. Should he fail to file his First Amended Complaint within the allotted time

---

[1] In evaluating the motion for counsel, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), and related authority.

or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Rhoades's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his First Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply

5

with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 16, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**