IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT BEN RHOADES,                 )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )          Case No. 22-cv-635-NJR
                                    )
                                    )
ANTHONY WILLS, R. SUTTERER,         )
MR. SKIDMORE, ROB JEFFRIES, DR.     )
SIDDIQUI, and WEXFORD HEALTH        )
SOURCES, INC.,                      )
                                    )
            Defendants.             )

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Ben Rhoades, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Rhoades originally filed a Complaint (Doc. 1) alleging claims for deliberate indifference against a warden and doctor for the treatment of his cataracts. That Complaint was dismissed because he failed to set forth factual allegations regarding the defendants' involvement in his care (Doc. 14). He was granted leave to file an Amended Complaint. In the Amended Complaint (Doc. 27), Rhoades again alleges that defendants were deliberately indifferent to his need for cataract surgery in violation of the Eighth Amendment. He also

1

alleges claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act ("RA"), 29 U.S.C. §§ 794–94e.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Rhoades makes the following allegations:  On July 23, 2020, Rhoades submitted a grievance regarding his need for cataract surgery (Doc. 27, p. 6). Rob Jeffries, Anthony Wills, Mr. Skidmore, Dr. Sutterer, and Dr. Siddiqui denied his request for cataract surgery (*Id.*). In that same grievance, Rhoades alleged that Wexford Health Sources, Inc., denied his request for surgery because Wexford's policies do not recommend surgery while the ADA guidelines recommend surgery. Dr. Sutter stated in response to another grievance that, per policy, an inmate's vision must be 20/60 or worse in order to qualify for cataract surgery, and Rhoades has 20/20 and 20/30 vision (*Id.*). Rhoades maintains his vision is only 20/30 with the use of corrective lens and contact lenses together.

## Discussion

Rhoades, once again, fails to state a claim for deliberate indifference or for a violation of the ADA and/or RA. Previously, the Court dismissed his Complaint because

Rhoades merely stated that defendants acted with deliberate indifference to his need for cataract surgery without providing factual statements that demonstrated their personal involvement in that decision. Now, he simply refers to grievances he wrote and the denial of those grievances by defendants.

As previously stated, a successful Complaint generally alleges "the who, what, when, where, and how…." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Although Rhoades lists the defendants and their response to his grievances, he fails to provide pertinent information about their involvement in his care. For instance, he fails to indicate how each defendant was aware of his need for surgery, when he spoke or was seen by each defendant, and what actions they took which constituted deliberate indifference. He merely states that they denied his grievances, which is not enough. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). He also fails to allege whether any of the defendants were made aware of his lack of contact lenses, glasses, or contact solution, and how they responded to those issues.

Accordingly, Rhoades's Amended Complaint (Doc. 27) is **DISMISSED without prejudice**. Rhoades is **GRANTED** one more chance to submit an Amended Complaint which states a claim. He is reminded that his Amended Complaint must provide factual statements as to the care he received regarding his eyesight and how the individual defendants acted with deliberate indifference. He cannot simply refer the Court to his

grievances or other exhibits in the record without providing factual statements stating how each defendant violated his rights.

## Pending Motions

As to his motion for counsel (Doc. 28), Rhoades again states that he has contacted several law firms and that a previous industrial accident makes it difficult for him to write. But his filings have been easy to understand, and his writing is legible. The Court also finds that Rhoades is capable of submitting a Second Amended Complaint on his own. Thus, his new motion for counsel (Doc. 28) is **DENIED without prejudice**.

## Disposition

For the reasons stated above, the Amended Complaint is **DISMISSED without prejudice**. Rhoades will have an opportunity to file a Second Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Rhoades must comply with the instructions and deadlines set forth below.

Rhoades is **GRANTED** leave to file a "Second Amended Complaint" on or before **November 14, 2022**. Should he fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original

Complaint. Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Rhoades must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint. The Second Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. To aid Rhoades in drafting his Second Amended Complaint, the Clerk of Court is **DIRECTED** to send Rhoades a Section 1983 Complaint form.

Rhoades is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a Second Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Rhoades is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than seven days after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  October 14, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**